IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RICK BEARD, § | | |
|     PLAINTIFF, § | | |
| § | | |
| V. § | | CIVIL ACTION NO. 4:07-CV-091-BE |
| § | | |
| HOMECOMINGS FINANCIAL NETWORK, § | | |
| INC., et al., § | | |
|     DEFENDANTS. § | | |

MEMORANDUM OPINION AND ORDER[1]

Pending before the court is a motion to dismiss filed by Defendants Homecomings Financial Network and JP Morgan Chase Bank on December 28, 2006 [doc. 12]. Having considered the motion and pleadings on file, the court finds that this action should be dismissed for lack of subject matter jurisdiction. *See generally* 28 U.S.C. § 1331; FED. R. CIV. P. 12(b)(1); FED. R. CIV. P. 12(h)(3).

A.  HISTORY

Plaintiff Rick Beard is an individual residing in Fort Worth, Texas. Defendant Homecomings Financial Network is a mortgage company located in Dallas, Texas, and JP Morgan Chase is a federal banking institution with its home offices in New York.[2] In his complaint, and viewed liberally, Beard alleges that the defendants have conspired to defraud him in violation of unspecified state and federal

---

[1] Plaintiff initially filed this civil action in the Southern District of Texas and has filed an appeal from the district court order transferring the case to the Northern District of Texas; however, an appeal from an unappealable order does not divest a district court of jurisdiction during the period that the appeal is pending before the circuit court. *See Rutherford v. Harris County, Texas*, 197 F.3d 173, 190 n.17 (5th Cir. 1999)(citing *United States v. Hitchmon*, 602 F.2d 689, 690-91 (5th Cir. 1979)(en banc), *superseded by statute on other grounds as recognized in U.S. v. Martinez*, 763 F.2d 1297 (11th Cir. 1985)). An appeal from an order transferring venue is not an appealable order. *Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1298 (5th Cir. 1994). *See generally* 28 U.S.C. §§ 1291, 1292(a); FED. R. CIV. P. 54(b).

[2] Individual defendant Angela Randerman was previously dismissed from this action. Defendant Sidney Thompson is identified as a Justice of the Peace in Tarrant County, Texas; however, there is no indication that Thompson has been served with process in this civil action.

laws; have used questionable tactics to force him out of his home; have taken advantage of his lack of knowledge about the housing industry to remove him from his home; and have schemed to take his home without due process. Beard seeks damages in the sum of $25,000,000 and injunctive relief. Defendants Homecomings Financial Network and JP Morgan Chase assert that this action must be dismissed for lack of subject-matter jurisdiction, or alternatively, because Beard has failed to state a claim on which relief can be granted.[3] *See generally* FED. R. CIV. P. 12(b)(1), (6).

B.  DISCUSSION

The federal courts are courts of limited jurisdiction, empowered to hear only those cases that are within the constitutional grant of judicial power and that have been entrusted to them by a jurisdictional grant enacted by Congress. *Sarmiento v. Texas Bd. of Veterinary Med. Exam'rs*, 939 F.2d 1242, 1245 (5th Cir. 1991). The district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. The district courts also have original jurisdiction of all civil actions where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a).

Beard's complaint does not include a short and plain statement of the grounds upon which this court's jurisdiction depends,[4] *see generally* FED. R. CIV. P. 8(a)(1), nor does a reading of his complaint as a whole reveal allegations confirming federal court jurisdiction. There is no diversity of citizenship between the parties, thus jurisdiction, if it exists, must be predicated on the presence

---

[3] Defendants filed their motion in the Southern District of Texas and argued as a third ground for relief that venue was not appropriate in that district. That district court agreed and granted the motion insofar as venue was transferred to the Northern District of Texas.

[4] In his response to the motion to dismiss, Beard argues only that the motion is premature because genuine issues of material fact preclude summary judgment.

of a federal question. On the face of his complaint, however, Beard asserts causes of action for "business fraud and deception," which are not claims arising under the Constitution, federal law, or any treaty of the United States. In addition, to the extent Beard's complaint could be construed as one for the denial of his due process rights, he fails to allege a factual basis for a finding of state action. *See Shelley v. Kraemer*, 334 U.S. 1, 13, 68 S.Ct. 836, 842, 92 L.Ed. 1161 (1946)(holding that Fourteenth Amendment does not shield against "merely private conduct, however discriminatory or wrongful").

Beard's complaint fails to invoke the subject-matter jurisdiction of the federal district court and must be dismissed.[5]

### ORDER

Defendants' motion to dismiss is granted based on a lack of subject-matter jurisdiction.

SIGNED APRIL 9, 2007.


    /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE

---

[5] Having found it lacks subject-matter jurisdiction, the court will not address Defendants' alternative argument that Beard has failed to state a claim on which relief can be granted.